PER CURIAM:*
Granted. The rulings below are vacated, and this case is remanded to the district court for purposes of relieving relator of his bail obligation on the pending charges of second degree kidnapping, La. R.S. 14:44.1, and attempted second degree murder, in violation of La. R.S. 14:27, 14:30.1. We perceive no difference between the requirement of La.C.Cr.P. art. 701(D)(1) that counsel must verify in his motion for a speedy trial that he and the defendant “are prepared to proceed to trial” within the time period of 120 days applicable to this case and the affidavit executed by relator’s counsel verifying that relator “will be ready for trial in this matter within 120 days.” The provisions of the Code of Criminal Procedure “shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable delay.” La.C.Cr.P. art. 2. Moreover, La.C.Cr.P. art. 701(D)(1) states plainly that the applicable periods for bringing the defendant to trial begin “[a]fter the filing of a motion for a speedy trial by the defendant and his counsel.” La.C.Cr.P. art. 702 places primary responsibility for setting cases for trial on the state.

 Marcus, J., not on panel. See La. S.Ct. Rule IV, Part II, § 3.